**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 20, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ALVIN A. MARTIN,

Defendant-Appellant.

No. 09-3281
(D.C. No. 2:08-CR-20012-JWL-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

Defendant Alvin Martin was convicted by a jury of one count of conspiracy to commit and to conceal the crime of interstate transportation of stolen goods, an offense against the United States, in violation of 18 U.S.C. § 2314. He was sentenced to thirty-three months' imprisonment and ordered to pay $404,355 in restitution. Before sentencing, Martin moved for a new trial based on the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

government's alleged violation of *Brady v. Maryland*, 373 U.S. 83 (1963). The district court denied the motion. On appeal, Martin's counsel has filed an *Anders* brief and a motion to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967). Martin, appearing pro se, has submitted three letters raising additional issues which we will construe as his response to the *Anders* brief. The government has not submitted a brief. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we grant counsel's motion to withdraw and dismiss the appeal.

I

In December 2005, two shift managers at the Tyson Foods facility in Olathe, Kansas, confessed to an ongoing scheme to steal food from Tyson and transport it across state lines. The two managers implicated defendant Martin as an over-the-road truck driver who helped transport the stolen goods into Arkansas and Mississippi. One of the principal witnesses for the prosecution at the May 2009 trial was Osie Cobbs who had participated in the conspiracy with his co-manager, Eric Johnson. Cobbs testified that Martin had willingly participated in the scheme. Cobbs also admitted occasional recreational use of cocaine during the time of the conspiracy, but insisted that his usage was under control and did not cause him financial problems.

In the weeks leading up to the September 25, 2009, sentencing, the government informed defense counsel that Cobbs had tested positive for cocaine use approximately one week prior to the May 2009 trial and that he had had

another positive drug screen in October 2008. Martin moved for a new trial, citing violations of *Brady*, 373 U.S. 83. The district court denied the motion, concluding that evidence going to Cobbs' use of cocaine was cumulative impeachment and that, even without Cobbs' testimony, the government had presented enough evidence to prove Martin's guilt beyond a reasonable doubt.

At sentencing, Martin objected to the inclusion of evidence adduced at trial in the presentence investigative report and to the calculation of the amount of loss attributable to him. He also requested a downward variance. As mentioned, the district court sentenced Martin to thirty-three months' imprisonment, which was at the bottom of the Guideline's range, and ordered him to pay $404,355 in restitution. Martin filed a timely notice of appeal from the jury verdict and the final judgment and sentence.

## II

In *Anders*, the Supreme Court authorized defense counsel "to request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). In these types of cases, "counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." *Id.* In response to the *Anders* brief, "[t]he client may then choose to submit arguments to the court." *Id.* We must then fully examine the record "to determine whether defendant's claims are

wholly frivolous." *Id*. If we find defendant's claims to be frivolous, we "may grant counsel's motion to withdraw and may dismiss the appeal." *Id*.

Here, Martin's counsel identifies three potential issues urged by his client for appeal: whether the court erred in denying Martin's motion for a new trial which cited the *Brady* violation; whether there was sufficient evidence to support the jury's verdict; and whether the court erred in denying his request for a sentencing variance. Counsel has candidly admitted, however, that in his view there is no factual or legal support for these contentions.

A. *Brady* violation and sufficiency of evidence.

Having carefully examined the record on appeal, we agree with counsel's assessment of the identified issues and find them to be without merit. As for the *Brady* violation, we agree with the district court that the information concerning Cobbs' drug use was favorable to Martin and was suppressed by the government. We further agree, however, that, given the weight of the other evidence produced by the government and the fact that the jury had learned, by Cobbs' own admission, of his occasional drug use, the suppressed information was not material. *See United States v. Hughes*, 33 F.3d 1248, 1251 (10th Cir. 1994) (requiring defendant alleging *Brady* violation to show prosecution (1) suppressed evidence (2) favorable to defendant (3) that was material). "'[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.

-4-

A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome.'" *Hughes*, 33 F.3d at 1251 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)) (alteration in original).

Even without Cobbs' testimony, the government produced evidence sufficient to sustain the jury's verdict. Co-conspirator Eric Johnson testified that he and Cobbs had approached Martin, who eventually agreed to become part of the theft ring. Indeed, according to Johnson, it was Martin who suggested that the enterprise be expanded because the stolen product could be sold to restaurants and clubs in Arkansas and Mississippi. Johnson also testified that the numerous cell-phone calls between him and Martin during the relevant period were solely about product being taken out of the Tyson facility.

In addition to Johnson, the government elicited testimony from the FBI agent assigned to the case who displayed spreadsheets documenting over a thousand cell-phone calls between Martin and his co-conspirators during the relevant time period. The agent also presented evidence of numerous Western Union money transfers between Martin and the others. We agree with the district court that even if the additional evidence of Cobbs' cocaine use were disclosed to the defense and offered at trial, Martin still would have been convicted.

B. Sentencing variance requested.

As for the request for a sentencing variance, we review a district court's sentence under the deferential abuse-of-discretion standard. *United States v.*

-5-

*Smart*, 518 F.3d 800, 802 (10th Cir. 2008). The only grounds advanced by Martin to justify a sentence variance were his age (49), the fact that he had no criminal history, and that his wife was in ill health. We cannot conclude that the district court abused its discretion in refusing to credit these reasons as justification for a sentence variance. The court sentenced Martin to a prison term which fell at the bottom of the Sentencing Guidelines' range. The court also gave reasons for the sentence imposed, correctly applying the 18 U.S.C. § 3553(a) factors.

C. Additional issues raised pro se.

As for the issues raised by Martin pro se, we will accord him the liberal construction deserving a pro se submission, *see Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010), but we will not make his arguments for him, *see Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (noting that pro se litigant is obligated to comply with Federal Rules of Appellate Procedure), or act as his advocate, *Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

Martin first argues that he was the victim of ineffective assistance of counsel. However, "ineffective assistance of counsel claims are more appropriate for collateral attack under 28 U.S.C. § 2255 than direct appeal, because the factual record for such claims is more developed when the district court conducts an evidentiary hearing on the issue." *United States v. Bergman*, 599 F.3d 1142, 1149 (10th Cir. 2010). We will not address Martin's ineffective assistance of

counsel claim in his direct appeal because we do not have the benefit of that factual development.

Martin states that counsel filed pretrial motions "but didn't Appeal any to the District Court or the Appeal[]s Court." Ltr. of Feb. 28, 2010, at 1. Rulings on pretrial motions are only rarely immediately appealable, and Martin does not identify which pretrial rulings should have or could have been immediately appealed. Martin further asserts that the chain of custody was broken, but gives no details as to that matter; nor does he provide enough details to enable us to determine whether there is any substance to his claim that his right to a speedy trial was violated. His contention that Cobbs' testimony was improper under Fed. R. Evid. 403 because it may have "provoked an emotional response in the jury," Ltr. of Feb. 17, 2010, at 1, is conclusory speculation.

Martin's most substantial claim is "that there is a possibility . . . that the loss and restitution determination is in error." Ltr. of Feb. 14, 2010 at 1. "We review factual findings regarding calculation of loss under a clearly erroneous standard." *United States v. James*, 592 F.3d 1109, 1114 (10th Cir. 2010). To the extent Martin also challenges the methodology the district court used to calculate loss, that is a legal question we review de novo. *Id.* We have reviewed the sentencing hearing testimony of Christopher Ford, who testified to the losses calculated by Tyson. *See* R. Vol. 2 at 620-58. We have also considered the reasoning of the district court in determining how much of those losses should be

attributed to Martin. *See id.* at 662-66; 679-97; 715-723. Under the Sentencing Guidelines, "'"[a]ctual loss" means the reasonably foreseeable pecuniary harm that resulted from the offense.'" *James*, 592 F.3d at 1114 (quoting U.S.S.G. § 2B1.1 cmt. n. 3(A)(i)). "The [sentencing] court need only make a reasonable estimate of the loss." *Id.* (alteration in original) (quotation omitted). After detailed technical testimony regarding Tyson's loss and a lengthy colloquy with all counsel regarding the proper methodology to use in calculating the loss, the district court concluded that Martin was responsible for losses totaling $404,355. R. Vol. 2. at 720. We conclude the loss amount determined by the court falls within the evidence presented and is a reasonable estimate of the loss.

## III

After reviewing the record on appeal and the briefing provided, we see no meritorious issues for appeal. We therefore DISMISS this appeal and GRANT counsel's motion to withdraw. Martin's motion for appointment of counsel on appeal is DENIED.

Entered for the Court

Mary Beck Briscoe
Chief Circuit Judge